UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MONIQUE TERRY,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

Defendant.

CASE NO. 14-cv-05865 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636 (c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 12, 19, 20).

After considering and reviewing the record, the Court concludes that the ALJ erred in failing to include in her residual functional capacity ("RFC") finding all of the limitations assessed by Kathleen M. Smith, ARNP. Because the RFC should have

included additional limitations, and because these additional limitations affected the ultimate disability determination, the error is not harmless.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

BACKGROUND

Plaintiff, MONIQUE TERRY, was born in 1973 and was 34 years old on the alleged date of disability onset of July 21, 2008 (*see* AR. 289-92, 293-95). Plaintiff has a high school education (*see* AR. 63-64). Plaintiff had a housecleaning business but stopped when it was making her back worse (AR. 55-56). Plaintiff's last employment was babysitting her nephew, but she stopped after four or five months because it was too physical (AR. 54-55).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease and degenerative joint disease, mild right carpal tunnel syndrome, and an anxiety disorder (20 CFR 404.1520(c) and 416.920(c))" (AR. 20).

At the time of the hearing, plaintiff was living in a house with two of her three children (AR. 57, 59-60).

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 125-28, 129-32, 134-35, 136-37). Plaintiff's requested hearing was held before Administrative Law Judge Laura Valente ("the ALJ")

on March 2, 2011 (*see* AR. 46-91). On March 31, 2011, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 99-120). The Appeals Council sent the matter back to the ALJ for further consideration (AR. 121-24) and a second hearing was held on May 7, 2013 (AR. 35-45). On June 28, 2013, the ALJ issued a second written decision in which she concluded that plaintiff was not disabled (*see* AR. 14-34).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ's weighing of the opinion evidence from plaintiff's treating and examining sources and the opinion of the non-examining source, regarding her physical impairments, was based on the correct legal standard and was supported by the evidence in the record; and (2) Whether or not the ALJ's reasoning in finding that plaintiff was not fully credible was clear and convincing and supported by substantial evidence in the record (*see* Dkt. 12, p. 1). Because this Court reverses and remands the case based on issue 1, the Court need not further review issue 2 and expects the ALJ to reevaluate the record as a whole in light of the direction provided below.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1) Whether or not the ALJ's weighing of the opinion evidence from plaintiff's treating and examining sources and the opinion of the non-examining source, regarding her physical impairments, was based on the correct legal standard and was supported by the evidence in the record.**

Plaintiff argues that the ALJ did not give legally sufficient reasons supported by substantial evidence in the record for rejecting the functional limitations assessed by Mario DePinto, M.D., Sharon Stanley, PT, and Kathleen Smith, ARNP (*see* Opening Brief, Dkt. 12, p. 3). Because the Court finds that the ALJ did not give legally sufficient reasons to discount Nurse Practitioner Smith's opinion, the Court need not further review the ALJ's weighing of other medical opinion evidence and expects the ALJ to reevaluate the record as a whole.

Ms. Smith, a Nurse Practitioner, evaluated plaintiff on numerous occasions spanning over a year (*see* AR. 442-77, 529-34). On November 26, 2008, Ms. Smith opined that plaintiff's impairments limit her from being able to sit or stand for any length of time, lifting more than five pounds, or performing "any consistent training or light duty" (*see* AR. 454). Ms. Smith also opined that plaintiff would have difficulty climbing stairs, driving, or walking (*see id*.).

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse practitioners, therapists and chiropractors, who are considered other medical sources, *see*

20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec*., 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513 (a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner, supra*, 613 F.3d at 1224 (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)); 20 C.F.R. §§ 404.1513 (d)(4) and (e), 416.913 (d)(4) and (e)).

The Ninth Circuit has characterized lay witness testimony as "competent evidence," noting that an ALJ may not discredit "lay testimony as not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (*citing Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)). Similar to the rationale that an ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence demonstrating an impairment has been provided, *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*), but may discredit a plaintiff's testimony when it contradicts evidence in the medical record, *see Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (*citing Allen v. Heckler*, 749 F.3d 577, 579 (9th Cir. 1984)), an ALJ may discredit lay testimony if it conflicts with medical

evidence, even though it cannot be rejected as unsupported by the medical evidence. *See Lewis, supra*, 236 F.3d at 511 (An ALJ may discount lay testimony that "conflicts with medical evidence") (*citing Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)); *Bayliss, supra*, 427 F.3d at 1218 ("Inconsistency with medical evidence" is a germane reason for discrediting lay testimony) (*citing Lewis, supra*, 236 F.3d at 511).

However, "only 'acceptable medical sources' can [provide] medical opinions [and] only 'acceptable medical sources' can be considered treating sources." *See* SSR 06-03p, 2006 SSR LEXIS 5 at *3-*4 (internal citations omitted). Nevertheless, evidence from "other medical" sources, that is, lay evidence, can demonstrate "the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Id.* at *4. The Social Security Administration has recognized that with "the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,'  .  .  .  have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." *Id.* at *8. Therefore, according to the Social Security Administration, opinions from other medical sources, "who are not technically deemed 'acceptable medical sources' under our rules, are important, and should be evaluated on key issues such as impairment severity and functional effects." *Id.*

Relevant factors when determining the weight to be given to an other medical source include:

> How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source presents relevant evidence to support an

> opinion; How well the source explains the opinion; Whether [or not] the source has a specialty or area of expertise related to the individual's impairments(s), and Any other factors that tend to support or refute the opinion.

2006 SSR LEXIS 5 at *11.

Here, the ALJ discounted Ms. Smith's opinion, explaining:

> [T]he nurse practitioner's assessment is based mostly on the claimant's subjective perceptions of her symptoms. There is no indication this provider did any testing. There is no support for the conclusion that the claimant must limit her lifting to five pounds. Additionally, a nurse practitioner is not an acceptable medical source, 20 CFR 404.1513 and 416.913.

(AR. 26). None of these reasons is germane and supported by substantial evidence.

First, as discussed above, the opinions of other medical sources must be evaluated on issues such as impairment severity and functional effects, so that although Ms. Smith is not an acceptable medical source, this is not a germane reason for discounting her opinion. *See* SSR 06-03p, 2006 SSR LEXIS 5 at *8.

Next, substantial evidence does not support the ALJ's finding that Ms. Smith's assessment was based mostly on plaintiff's subjective reports. Ms. Smith performed physical exams, reviewed lab results, authorized prescriptions, and recorded clinical observations (*see, e.g.,* AR. 470, 473, 475). These reports contradict the ALJ's finding that the record did not indicate Ms. Smith did any testing. Furthermore, Ms. Smith's letter outlining plaintiff's limitations referred to MRI results consistent with her symptoms (*see* AR. 454). According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing*

*Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)). Such a finding by the ALJ here that Ms. Smith relied mostly on plaintiff's complaints is not supported by substantial evidence in the record.

Finally, the ALJ asserted that Ms. Smith's opinion limiting plaintiff to lifting no more than five pounds had no support in the record. However, the results of physical examinations conducted by Ms. Smith contained abundant support for limitations on lifting, including restricted range of motion in the spine, paresthesia in the fingers and weak grip in the right hand (*see, e.g.*, AR. 459, 464, 467). Therefore, the ALJ did not offer any germane reason supported by substantial evidence to discount Ms. Smith's opinion.

Defendant argues that the ALJ reasonably discounted Ms. Smith's opinion because Dr. Jeffrey Merrill, M.D., to whom the ALJ gave significant weight, discounted the opinion (*see* Defendant's Brief, Dkt. 19, pp. 10-11). However, the ALJ referenced Ms. Smith's opinion in that section of her decision only to note that Dr. Merrill found that the limitation that plaintiff could not sit for any length of time was poorly substantiated (*see* AR. 25). The ALJ did not in that section address the full scope of limitations assessed by Ms. Smith, including a limitation on lifting more than five pounds, and give a germane reason for discounting her full opinion.

Defendant also argues that Dr. Merrill's assessment of Ms. Smith's opinion "informs the ALJ's statement that her limitations were not supported by testing," but by subjective complaints (Defendant's Brief, Dkt. 19, p. 11). However, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the

reasoning and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp*., 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp., supra*, 332 U.S. at 196). The ALJ never explained that she was discounting all of the limitations assessed by Ms. Smith because of Dr. Merrill's opinion. Where the ALJ explicitly evaluated the weight she would give to Ms. Smith's opinion, she gave no germane reason for discounting the opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina, supra*, 674 F.3d at 1115 (*citing Stout, supra*, 454 F.3d at 1054 (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Here, because the ALJ improperly disregarded the opinion of Ms. Smith in forming the RFC and plaintiff was found to be capable of performing other work based on that RFC, the error affected the ultimate disability determination and is not harmless.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen, supra*, 80 F.3d at 1292. Generally, when the Court reverses an

ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," and that "remand for an immediate award of benefits is appropriate." *Id.* Here, the outstanding issue is whether or not a vocational expert may still find an ability to perform other jobs existing in significant numbers in the national economy despite added limitations. Accordingly, remand for further consideration is warranted in this matter.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 28th day of May, 2015.

J. Richard Creatura
United States Magistrate Judge