UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MONIQUE TERRY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W COLVIN, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　Defendant. | CASE NO. 14-cv-05865 JRC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

　　　　This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* Dkt. 26). Defendant has no objection to plaintiff's request (*see* Dkt. 27).

　　　　The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v.*

1 *Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the fee agreement is the primary means for determining the fee, the Court will adjust the fee downward if substandard representation was provided, if the attorney caused excessive delay, or if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Grisbrecht, supra*, 535 U.S. at 808).

Here, the representation was standard, at least, and the results achieved excellent (*see* Dkt. 26, Attachment 3). *See Grisbrecht, supra*, 535 U.S. at 808.  This Court reversed and remanded this case to the Administration for further proceeding (*see* Dkt. 21). Following remand, plaintiff was found disabled and awarded benefits as of April 2009 (*see* Dkt. 26, Attachment 3, p. 1). There has not been excessive delay and no windfall will result from the requested fee.

Plaintiff's total back payment was $42,663.78 (*see id.*, Attachment 3, p. 2). Plaintiff has moved for a net attorney's fee of $4,000.00 (*see* Motion, Dkt. 26, p. 1), and the Court has considered plaintiff's gross attorney's fee request of $8,913.09 and the EAJA award received by plaintiff's attorney in the amount of $4,913.09 (Dkt. 25).  *Parish v. Comm'r. Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

Based on plaintiff's motion and supporting documents (*see* Dkt. 26, Attachments 2, 3, 4), and with no objection from defendant (Dkt. 27), plaintiff's motion is granted, and it is hereby ORDERED that attorney's fees in the gross amount of $8,913.09 be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b), with $4,913.09 of this amount to be withheld to offset

1 | the previously awarded EAJA fees, and the remaining $4,000.00, minus any administrative fees,
2 | to be sent directly to plaintiff's attorney.
3 |         Dated this 14th day of November, 2016.

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3